In the Matter of JAMES PAUL MCKENNA, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 25, 1979

### APPEARANCES OF COUNSEL

*Francis F. Doran (James R. Augenthaler* of counsel), for petitioner.

*James Paul McKenna,* respondent *pro se.*

## OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on October 15, 1958. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Referee. The respondent moves, *inter alia,* for an order holding the motion to confirm the Referee's report in abeyance, for permission to amend his answer to the petition, and to vacate the order referring this matter for a hearing.

The petition alleges two charges of professional misconduct against the respondent. Charge one asserts that the respondent represented a client in connection with the sale of real property and prepared a contract of sale providing for a down payment of $20,000 to be held in escrow by him until the closing of title; that the respondent received a check for said sum on January 14, 1977, when the contract was executed, and subsequently indorsed the check which was again indorsed by the respondent's daughter, who deposited it into her personal bank account on January 17, 1977; that after said deposit, the daughter's account balance was $20,123.75; and that on or about January 24, 1977 a check payable to cash in the amount of $17,500 was drawn against said account and cashed so that the balance remaining in the account was $2,623.75. This charge further alleges that on May 17, 1977, the day before the closing of title, the balance in said account was $430.51. It is also alleged that these funds were used by the respondent for his own purposes and, despite numerous demands for payment by his client, he failed to make such payment.

Charge two of the petition alleges that the respondent was retained to institute a breach of contract action and that he was paid an initial retainer of $750; that on November 17, 1975 a supplemental retainer agreement was signed, under which the client retained the respondent to prosecute a claim for "tortious interference with contract" and as a result the respondent was paid as a retainer an additional sum of $250; that the respondent commenced an action in the Supreme Court, Nassau County; that some intermediate motions were made in said action, particularly an application for an order of preclusion for failing to serve a bill of particulars; and that on December 15, 1976 an "unconditional" order of preclusion was entered against the respondent's client for failure to serve the bill of particulars, because the respondent neglected to

oppose said motion. The second charge also alleged that prior to the entry of an order permitting the respondent to withdraw as attorney in said action, he had failed to proceed diligently to either settle the action or press it for trial.

The respondent submitted an answer to the petition in which he generally denied the material allegations of misconduct.

The Referee sustained both allegations of misconduct. After reviewing all of the evidence we are in complete agreement with the Referee's report. The respondent is guilty of the misconduct alleged. The petitioner's motion to confirm said report is granted and the respondent's motion is denied in all respects.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent should be, and he hereby is, suspended from the practice of law for a period of one year effective August 1, 1979, and until the further order of this court.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and MARGETT, JJ., concur.